IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SAFRON HUOT,

        Plaintiff,

v.

MONONA STATE DEPARTMENT
OF CHILD AND FAMILY SERVICES,
et al.,

        Defendants.

OPINION and ORDER

Case No. 17-cv-540-wmc

*Pro se* plaintiff Safron Huot has filed this proposed civil action, claiming that defendants, various entities and public officials involved in handling her child custody proceedings in the State of Montana, violated her rights. Since she has been permitted to proceed *in forma pauperis*, the court must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915(e)(2)(B). In doing so here, the court is mindful that plaintiff is held to a "less stringent standard" in crafting pleadings as a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a relaxed pleading standard, however, this court plainly lacks subject matter jurisdiction over plaintiff's claims, so this lawsuit will be dismissed.

OPINION

As noted above, plaintiff's lawsuit suffers from a fundamental defect at the outset: she is purporting to appeal Montana custody and visitation determinations, yet child custody, child support and alimony decisions fall within the areas of family or domestic

relations, which is exclusively governed by state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (federal courts lack jurisdiction over domestic relations cases in which the relief sought would "involve[e] the issuance of a divorce, alimony, or child custody decree"); *Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Indeed, federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007).

Moreover, lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as a denial of visitation or a state court ordered injunction or restraining order. That doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). For the most part, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding

that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying *Rocker-Feldman* to a Wisconsin child-custody decision).

Since plaintiff seeks to disturb state court custody determinations, she cannot proceed with her claims in federal court.

ORDER

IT IS ORDERED that:

1. This lawsuit is DISMISSED for lack of subject matter jurisdiction.

2. The clerk of court is directed to close this case.

Entered this 19th day of October, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge